UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON MARCUS COLEMAN,

    Plaintiff,

v.                                      CASE NO. 2:19-CV-11237
                                      HONORABLE VICTORIA A. ROBERTS

ERIK JOHANSENE,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Federal prisoner Vernon Marcus Coleman ("Coleman"), currently confined at the Federal Correctional Facility in Jesup, Georgia, filed a *pro se* Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Coleman asserts that Erik Johansene ("Defendant"), identified as a Wayne Metro Airport Police Officer, violated his constitutional rights by seizing $79,000 from him without a warrant. Coleman sues Defendant in his individual and official capacities and seeks monetary damages. The Court granted Coleman leave to proceed without prepayment of the filing fee for this action. 28 U.S.C. § 1915(a)(1).

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28

U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

III.

Coleman already filed a civil rights action against the same defendant for the same alleged constitutional violation. It was dismissed, in relevant part, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Coleman v. Johansene*, No. 2:19-CV-10572 (E.D. Mich. April 18, 2019) (Roberts, J.). Coleman's current claim alleging that Defendant improperly seized $79,000 without a warrant was raised and addressed in that prior case and may not be re-litigated under the doctrine of *res judicata* or claim preclusion. *See, e.g., Federated Dep't. Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003); *see also Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding summary dismissal of prisoner civil rights complaint based upon *res judicata* doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The *res judicata* rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell*, 343 F.3d at 819. In this case, all four elements are present. The instant action must therefore be dismissed pursuant to the *res judicata* doctrine.

IV.

For the reasons stated, the Court **DISMISSES** the Complaint for Violation of Civil Rights pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Since this case is closed, no further pleadings can be filed.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: JUL 0 2 2019